# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22024-Civ-COOKE/GOODMAN

NEGRON EDUARDO FIGUEROA,

    Plaintiff,

v.

JESUS ARENA,

    Defendant.

_____/

## ORDER OF DISMISSAL

THIS MATTER is before me upon Plaintiff's Motion for Appointment of Counsel ("Motion") (ECF No. 4). After carefully reviewing Plaintiff's Motion, his second Amended Complaint (ECF No. 14), the record, and relevant legal authorities, Plaintiff's Motion is denied without prejudice, and his Amended Complaint dismissed without prejudice.

## I.     DISCUSSION

In Plaintiff's Motion, he seeks appointment of counsel under Florida Rule of Criminal Procedure 3.111(b)(2), which states that "[c]ounsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant . . . ." The Florida Rules of Criminal Procedure do not apply to civil proceedings in federal court; however, in Plaintiff's second Amended Complaint (ECF No. 14), he states he is bringing his claim under 28 U.S.C. § 1915(a) and (g), the statute pertaining to proceedings *in forma pauperis*. I will therefore construe Plaintiff's Motion as a motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), courts are permitted to dismiss a suit "any time [ ] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint may survive a Rule 12(b)(6) motion to dismiss only if it contains

factual allegations that are "enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"). Additionally, while *pro se* complaints are held to a less stringent pleading standard than formal pleadings drafted by lawyers, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), a court may not "serve as a de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's handwritten second Amended Complaint completely fails to state a claim upon which relief may be granted, even under the relaxed pleading standard afforded to *pro se* litigants. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005). Even construing the second Amended Complaint liberally, the pleading is deficient under Federal Rule of Civil Procedure 8(a). *See Tannenbaum*, 148 F.3d at 1263; *Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[T]he *pro se* litigant must still meet minimal pleading standards."). Plaintiff's second Amended Complaint seems to allege the rape of his ex-wife and her son, but it is not clear by whom. *See generally*, Am. Compl., ECF No. 14. Plaintiff also seems to make a claim against a police officer, but it is not clear whether the police officer is the named Defendant Jesus Arena, or what exactly the officer did to harm Plaintiff. *See id.* The next few pages of the second Amended Complaint are simply a list of names, including the names of celebrities and other public figures. *Id.* At the end of the second Amended Complaint, Plaintiff has added some language about someone removing and storing his semen and blood. It is wholly unclear what Plaintiff's cause of action is, how this court has jurisdiction over this matter, and how Plaintiff may be entitled to the 10 billion dollar requested relief. Plaintiff's second Amended Complaint fails to adequately identify the Defendant, much less put the Defendant on notice of any viable causes of action Plaintiff intends to pursue. *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (holding that plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

## II.    CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is **DENIED** *without prejudice*. Plaintiff shall have through and including August 14, 2017 by which to file a Third Amended Complaint. The Third Amended Complaint must adhere to the requirements of Rule 8 of the Federal Rules of Civil Procedure and contain a short and plain statement of Plaintiff's claims as well as identify the federal statutes or rights providing the basis for this Court's jurisdiction. Plaintiff shall name all of the parties against whom he has claims. Plaintiff shall separate his claims into counts, with appropriate headings indicating the cause of action, the party or parties against whom he raises each cause of action, the elements applicable to that claim, and the facts giving rise to the claim. Plaintiff shall also number the paragraphs of his Amended Complaint. *See* Fed. R. Civ. P. 10(b).

2. Plaintiff's second Amended Complaint (ECF No. 14) is **DISMISSED** *without prejudice*.

3. The Clerk shall *administratively* **CLOSE** this case in the interim.

4. All pending motions, if any, are **DENIED as moot**.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 31st day of July 2017.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Negron Eduardo Figueroa,* pro se
*P.O. Box 173494*
*Tampa FL 33672*